Patrick N. Keegan, Esq. (SBN 167698)
pkeegan@keeganbaker.com
**KEEGAN & BAKER, LLP**
2292 Faraday Avenue, Suite 100
Carlsbad, CA 92008
Tel:  (760) 929-9303
Fax:  (760) 929-9260

Attorneys for Plaintiff
JANE DOE

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TRINITY HEALTH CORPORATION; and DOE DEFENDANTS 1-100;<br><br>Defendants. | Case No. 21-cv-00994-NONE-EPG<br><br>Assigned to: Magistrate Judge Erica P. Grosjean<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION TO REMAND THE CASE TO STATE COURT**<br><br>Date:  August 20, 2021<br>Time:  10:00 a.m.<br>Place:  Courtroom 10 |

# TABLE OF CONTENTS

I. INTRODUCTION AND SUMMARY OF THE ARGUMENTS .................... 1

II. SUMMARY OF THE COMPLAINT AND RELEVANT PRIOR PROCEEDINGS .... 2

III. ARGUMENT ............................................................... 3

    A. Because the Local Controversy Exception Applies to this Case, the Court Must Decline Jurisdiction and Remand this Case Back to State Court ......... 3

    B. All of the Requirements of the Local Controversy Exception to CAFA Are Met ................................................................... 5

        1. Plaintiff and the Proposed Plaintiff Class Are Citizens of California .... 5

        2. Doe Defendants Are Citizens of California ......................... 7

        3. California Doe Defendants' Alleged Conduct Forms a Significant Basis for the Claims Asserted on Behalf of the Proposed Plaintiff Class and the Location of Plaintiff Class' Injuries Resulting from the Alleged Conduct Were Incurred in California ...................... 8

        4. The Proposed Plaintiff Class Seek Significant Relief from the California Doe Defendants. ................................................. 10

        5. No Other Class Action Has Been Filed Asserting the Same or Similar Factual Allegations Against Any of the Defendants. ................. 11

    C. Because Trinity Health Improperly Removed this Action to Federal Court, Plaintiff Should Be Awarded Her Costs in Moving for Remand Back to State Court ............................................................. 12

IV. CONCLUSION ........................................................... 12

# TABLE OF AUTHORITIES

**CASES**

*Abrego v. The Dow Chem. Co.*,
443 F.3d 676 (9th Cir. 2006) ................................................................. 3

*Adams v. W. Marine Prod., Inc.*,
958 F.3d 1216 (9th Cir. 2020) ....................................................... 4, 5, 6

*Allen v. Boeing Co.*,
821 F.3d 1111 (9th Cir. 2016) .............................................................. 10

*Aloha Acct. & Tax LLC v. First Hawaiian Bank*,
2020 WL 3065293 (D. Haw. June 9, 2020) .......................................... 4

*Benko v. Quality Loan Serv. Corp.*,
789 F.3d 1111 (9th Cir. 2015) ......................................................... 8, 10

*Bloomquist v. Covance, Inc.*,
2017 WL 1735170 (S.D. Cal. May 4, 2017) .................................. 8, 10, 11

*Bruns v. NCUA*,
122 F.3d 1251 (9th Cir. 1997) ............................................................... 3

*Butcher's Union Local No. 498 v. SDC Inv., Inc.*,
788 F.2d 535 (9th Cir. 1986) ................................................................. 4

*Calderon v. Total Waelth Management, Inc.*,
2015 WL 5916846 (S.D. Cal. Oct. 8, 2015) ........................................... 4

*California ex rel. Lockyer v. Dynegy, Inc.*,
375 F.3d 831 (9th Cir. 2004) ................................................................. 3

*Coffey v. Freeport McMoran Copper & Gold*,
581 F.3d 1240 (10th Cir. 2009) ........................................................... 11

*Coleman v. Estes Exp. Lines, Inc.*,
631 F.3d 1010 (9th Cir. 2011) .................................................. 5, 8, 10, 11

*Coleman v. Estes Express Lines, Inc.*,
730 F.Supp.2d 1141 (C.D. Cal. 2010) ............................................. 5, 10

*Data Disc, Inc. v. Systems Tech. Assocs., Inc.*,
557 F.2d 1280 (9th Cir. 1977) ............................................................... 4

*Eriksson, LLC v. Loveland Prod., Inc.*,
2020 WL 4200089 (E.D. Cal. July 22, 2020) ........................................ 3

*Exxon Mobil Corp. v. Allapattah Servs., Inc.*,
545 U.S. 546 (2005) ............................................................................. 3

*Geographic Expeditions, Inc. v. Estate of Lhotka*,
599 F.3d 1102 (9th Cir. 2010) ............................................................... 3

*Gotro v. R & B Realty Group*,
69 F.3d 1485 (9th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*In re Anthem, Inc.*,
129 F.Supp.3d 887 (N.D. Cal. 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Kaufman v. Allstate New Jersey Ins. Co.*,
561 F.3d 144 (3d Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*King v. Great Am. Chicken Corp, Inc.*,
903 F.3d 875 (9th Cir. 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6, 7

*Krasner v. Ford Motor Co.*,
2019 WL 1428116 (E.D. Cal. Mar. 29, 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Mondragon v. Capital One Auto Finance*,
736 F.3d 880 (9th Cir. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 6

*Moore v. Permanente Medical Group, Inc.*,
981 F.2d 443 (9th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Rutsky & Co. Ins. v. Bell & Clements Ltd.*,
328 F.3d 1122 (9th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Schuster v. Gardner*,
319 F.Supp.2d 1159 (S.D. Cal. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Solomon v. Mainline Info. Sys., Inc.*,
2012 WL 137568 (C.D. Cal. Jan. 17, 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Spargifiore v. Panda Rest. Grp., Inc.*,
2021 WL 533727 (C.D. Cal. Feb. 12, 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Weight v. Active Network, Inc.*,
29 F.Supp.3d 1289 (S.D. Cal. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**STATUTES**
28 U.S.C. § 1332 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

28 U.S.C. § 1332(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

28 U.S.C. § 1332(d)(2)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C. § 1332(d)(4) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

28 U.S.C. § 1332 (d)(4)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 4, 12, 13

28 U.S.C. § 1332(d)(4)(A)(i) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

28 U.S.C. § 1332(d)(4)(A)(i)(I) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

28 U.S.C. § 1332(d)(4)(A)(i)(II)(aa) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

28 U.S.C. § 1332(d)(4)(A)(i)(II)(bb) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

28 U.S.C. § 1332(d)(4)(A)(i)(II)(cc)........................................................ 7

28 U.S.C. § 1441(a) ........................................................................... 3

28 U.S.C. § 1447(c) ....................................................................... 3, 12

Plaintiff Jane Doe ("Plaintiff") respectfully submits this memorandum of points and authorities in support of her motion to remand her case back to state court.

## I. INTRODUCTION AND SUMMARY OF THE ARGUMENTS

Although Class Action Fairness Act (CAFA) requires only minimal diversity, 28 U.S.C. § 1332(d)(2)(A), CAFA also provides that a district court "shall" decline to exercise jurisdiction under the local controversy exception "when more than two-thirds of the putative class members are citizens of the state where the action was filed, the principal injuries occurred in that same state, and at least one significant defendant is a citizen of that state." 28 U.S.C. §1332(d)(4)(A). This action falls within the local controversy exception of 28 U.S.C. §1332(d)(4)(A) because (1) the Notice of Removal filed by Defendant Trinity Health Corporation ("Trinity Health") concedes that Plaintiff and 100% of the proposed Class consists of California citizens and Trinity Health offers no summary judgement-type evidence demonstrating otherwise, (2) Doe Defendant 1 Valley Surgical Specialists Medical Group, Inc., Doe Defendant 2 Daniel Evan Swartz, MD; and Doe Defendant 3 Rame Deme Iberdemaj, MD are citizens of California, and Trinity Health offers no summary judgement-type evidence demonstrating otherwise, (3) the Complaint alleges solely causes of action based upon California statutes which the Notice of Removal filed by Trinity Health concedes can only be brought by California citizens, (4) and that all the violations and damages alleged in the Complaint arise in California and all four defendants, including the three in-state California Doe Defendants, are equally alleged to have violated all such California statutes, and damages are sought equally from all four defendants, and (5) during the 3-year period preceding the filing of this case, no other class action has been filed asserting the same or similar factual allegations against any of the defendants and Trinity Health offers no summary judgement-type evidence demonstrating otherwise.

As a result, the Court is mandatorily required to abstain from accepting subject matter jurisdiction over this case under the local controversy exception to CAFA pursuant to 28 U.S.C. § 1332(d)(4)(A). In short, Trinity Health's attempt at removal is improper and procedurally defective. As such, Plaintiff respectfully requests that her case be remanded back to the Superior Court of the State of California for the County of Fresno and that she be awarded her costs and actual expenses, including attorneys' fees, incurred as a result of the removal.

Memorandum in Support of Motion to Remand     1     Case No. 21-cv-00994-NONE-EPG

## II. SUMMARY OF THE COMPLAINT AND RELEVANT PRIOR PROCEEDINGS

This is a California Confidentiality of Medical Information Act class action filed in state court by a California citizen seeking to represent a class of California citizens against Trinity Health and three in-state California Doe Defendants, who are California citizens. (Keegan Decl., ¶¶3-9, 11, and Exhibits 1-8).

On May 20, 2021, Plaintiff commenced an action in the Superior Court of the State of California in and for the County of Fresno, captioned *Doe v. Trinity Health Corporation, et. al*, Case No. 21CECG01454 (the "State Court Action") by the filing of a Class Action Complaint against Defendant Trinity Health Corporation ("Defendant" or "Trinity Health") in Fresno Superior Court asserting three causes of action: (1) the Confidentiality of Medical Information Action, California Civil Code §§ 56, *et seq*. (ECF 1:39-42, Complaint at ¶¶64-73); (2) Beach of California Security Notification Laws, California Civil Code § 1798.82 (ECF 1:42-45, Complaint at ¶¶74-81); and (3) Unlawful and Unfair Business Acts and Practices, California Business & Professions Code §17200, *et seq*. (the "Complaint"). (ECF 1:45-47, Complaint at ¶¶82-91). All of the alleged California Civil Code and Business & Professions Code violations and damages in the Complaint occur in California and all four defendants, including all three in-state California Doe Defendants, are equally alleged to have violated such California statutes, and damages are sought equally from all four defendants. ECF 1, Notice of Removal at ¶¶10, 14; and Complaint at ¶¶1-3, 6, 12-14, 16, 42, 62-63, 65-67, 73, 79-81, 83-91.

Plaintiff's Complaint was brought on behalf of a proposed plaintiff Class defined as "All persons to whom Trinity Health Corporation sent a notification letter of a data security incident that occurred on January 20, 2021, an exemplar of which is attached hereto as Exhibit A [ECF 1:51-56]." ECF 1:35, Complaint at ¶53. Significantly, Trinity Health's Notice of Removal concedes that this class action is brought by a California citizen on behalf of a proposed Class consisting of entirely California citizens. ECF 1:4-5, Notice of Removal at ¶¶10 and 14; and Complaint at ¶¶2, 8, 9, 35-36, 48-50, 53, 66, 78.

On May 24, 2021, Trinity Health was served with a copy of the Complaint and a summons from the State Court Action.

## III. ARGUMENT

### A. Because the Local Controversy Exception Applies to this Case, the Court Must Decline Jurisdiction and Remand this Case Back to State Court

A suit filed in state court may be removed to federal court only if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a); see *Eriksson, LLC v. Loveland Prod., Inc.*, 2020 WL 4200089, at *1-2 (E.D. Cal. July 22, 2020). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004). If there is any doubt as to the right of removal, a federal court must reject jurisdiction and remand the case to state court. See *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010); 28 U.S.C. § 1447(c); see also *Bruns v. NCUA*, 122 F.3d 1251, 1257 (9th Cir. 1997) (holding that remand for lack of subject matter jurisdiction "is mandatory, not discretionary").

Diversity jurisdiction exists in actions between citizens of different States where the amount in controversy exceeds $75,000 exclusive of interests and costs. 28 U.S.C. § 1332. A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction or for "any defect in removal procedure." 28 U.S.C. § 1447(c). Here, diversity jurisdiction does not exist because diversity of citizenship must be complete, and the presence "of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 679 (9th Cir. 2006) (per curiam) (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005)). Further, the amount in controversy as to Plaintiff individually does not exceed $75,000. ECF 1:16, Complaint at ¶5.

Instead, Trinity Health removed this case asserting that federal jurisdiction exists under the Class Action Fairness Act of 2005 (CAFA). ECF 1:3, Notice of Removal at ¶6. The enactment of CAFA did not alter "the longstanding rule that the party seeking federal jurisdiction on removal bears the burden of establishing that jurisdiction," *Abrego*, 443 F.3d at 686, since "[n]othing in CAFA's language purports to shift the burdens normally applied to removal of a state action to federal court." *Id*. at 692. In order to remove under CAFA, Trinity Health has the burden of proof that (1) a putative class is alleged to have 100 or more members; (2) the aggregate claim exceeds $5

million, exclusive of interest and costs; and (3) any member of a class of plaintiffs is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d).

However, CAFA also provides two exceptions for truly intrastate actions: (1) the local controversy exception and (2) the home state exceptions. 28 U.S.C. § 1332(d)(4). The exceptions are not jurisdictional. *Adams v. W. Marine Prod., Inc.*, 958 F.3d 1216, 1223 (9th Cir. 2020). The Ninth Circuit treats the exceptions as a form of abstention, which the Court may raise sua sponte. See *id*.

Relevant here is the local controversy exception. A district court "shall" decline to exercise jurisdiction under the local controversy exception "when more than two-thirds of the putative class members are citizens of the state where the action was filed, the principal injuries occurred in that same state, and at least one significant defendant is a citizen of that state." *Id*. (citing 28 U.S.C. § 1332(d)(4)(A)); see also, *Aloha Acct. & Tax LLC v. First Hawaiian Bank*, 2020 WL 3065293, at *1 (D. Haw. June 9, 2020). As demonstrated below, all of the requirements for local controversy exception are met.

Alternatively, Plaintiff, to the extent that the Court requires additional evidence to determine if this action falls within the local controversy exception of 28 U.S.C. §1332(d)(4)(A), respectfully requests an order from this Court allowing Plaintiff to conduct jurisdictional discovery, and leave to amend her Complaint in order to clarify certain jurisdictional facts. The Ninth Circuit has held that jurisdictional discovery "should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986); *see also*, *Mondragon v. Capital One Auto Finance*, 736 F.3d 880, 883 and 885-886 (9th Cir. 2013) (remanding "with instructions to allow Mondragon an opportunity, if he so chooses, to renew his motion to remand and to gather evidence to prove that more than two-thirds of putative class members are citizens of California"); *King v. Great Am. Chicken Corp, Inc*., 903 F.3d 875, 881 (9th Cir. 2018) ("On remand to the district court, however, King should be given an opportunity to seek additional jurisdictional discovery and to renew her motion to remand."); *Data Disc, Inc. v. Systems Tech. Assocs., Inc*., 557 F.2d 1280, 1285 n. 1 (9th Cir. 1977); and *Calderon v. Total Waelth*

*Management, Inc.*, 2015 WL 5916846, *3-4 (S.D. Cal. Oct. 8, 2015); *see also*, *Rutsky & Co. Ins. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1135 (9th Cir. 2003) (reversible error to not allow jurisdictional discovery). Additionally, the Ninth Circuit has also held that leave to amend the original complaint should be granted in order to clarify certain jurisdictional facts. *Coleman v. Estes Exp. Lines, Inc.*, 631 F.3d 1010, 1021 (9th Cir. 2011); *see also*, *Schuster v. Gardner*, 319 F.Supp.2d 1159, 1164-65 (S.D. Cal. 2003) (the court can look to the amended complaint to determine whether the court exercised jurisdiction over the action at the time of removal); and *Weight v. Active Network*, *Inc.*, 29 F.Supp.3d 1289, 1291-92 (S.D. Cal. 2014) (same); and *In re Anthem, Inc.*, 129 F.Supp.3d 887, 895-96 (N.D. Cal. 2015) (same).

**B.     All of the Requirements of the Local Controversy Exception to CAFA Are Met**

Under the local controversy exception, a district court must decline to exercise jurisdiction over a class action in which:

> (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
> (II) at least 1 defendant is a defendant—
> (aa) from whom significant relief is sought by members of the plaintiff class;
> (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
> (cc) who is a citizen of the State in which the action was originally filed; and
> (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and
> (ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons[.]

28 U.S.C. § 1332(d)(4)(A)(i). Plaintiff bears the burden to demonstrate an exception under CAFA. *Coleman v. Estes Express Lines, Inc.*, 730 F.Supp.2d 1141, 1151 (C.D. Cal. 2010), *aff'd sub nom.* *Coleman v. Estes Exp. Lines, Inc.*, 631 F.3d 1010 (9th Cir. 2011).

**1.     Plaintiff and the Proposed Plaintiff Class Are Citizens of California**

To qualify for the local controversy exception to CAFA, it must be shown that greater than two-thirds of the proposed class members are California citizens. 28 U.S.C. § 1332(d)(4)(A)(i)(I). "A district court makes factual findings regarding jurisdiction under a preponderance of the evidence standard." *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 884 (9th Cir. 2013); *Adams v. W. Marine Prod., Inc.*, 958 F.3d 1216, 1221 (9th Cir. 2020). To meet this burden, there must be "*some*

1  facts in evidence from which the district court may make findings regarding class members'
2  citizenship." *Adams*, 958 F.3d at 1221 (citation and quotation omitted).

3        Further, the Ninth Circuit has repeatedly cautioned that "the burden of proof placed upon a
4  plaintiff should not be exceptionally difficult to bear." *Mondragon*, 736 F.3d at 886; *King v. Great*
5  *Am. Chicken Corp, Inc*., 903 F.3d 875, 878 (9th Cir. 2018); and *Adams*, 958 F.3d at 1221-1223.
6  Instead, a "court should consider 'the entire record' to determine whether evidence of residency can
7  properly establish citizenship." *Mondragon*, 736 F.3d at 886; *King*, 903 F.3d at 878-879 . The Ninth
8  Circuit has also repeatedly emphasized, moreover, that "[a]s a general proposition, district courts are
9  permitted to make reasonable inferences from facts in evidence, and that is true in applying the local
10 controversy exception under CAFA, as well." *Mondragon*, 736 F.3d at 886; *King*, 903 F.3d at 878-
11 879. Importantly, the Ninth Circuit in *Adams*, 958 F.3d at 1223, has recently emphasized,

> We caution that CAFA does not demand a plaintiff show the citizenship of each class member with certainty beyond a reasonable doubt. And, as the Fifth Circuit observed, requiring a district court to "examin[e] the domicile of every proposed class member before ruling on the citizenship requirement" would render class actions "totally unworkable." *Preston*, 485 F.3d at 816 (internal citations omitted). Rather, CAFA requires only that a plaintiff show, by a mere preponderance of the evidence, that the citizenship requirement is met. *Id.*

16 *See also*, *Spargifiore v. Panda Rest. Grp*., Inc., 2021 WL 533727, at *2 (C.D. Cal. Feb. 12, 2021)
17 (ordering the case be immediately remanded to the state court from which it was removed). Here,
18 the local controversy exception requires Plaintiff to show that greater than two-thirds of the proposed
19 plaintiff class members in the aggregate are citizens of the State of California, the State in which the
20 action was originally filed. 28 U.S.C. § 1332(d)(4)(A)(i)(I).  That requirement is easily met here
21 because, as Plaintiff alleges in her Complaint and Trinity Health's Notice of Removal concedes,
22 Plaintiff is a citizen of California and the Class consists entirely of California citizens. ECF 1, Notice
23 of Removal at ¶¶10, 14; and Complaint at ¶¶1-3, 8, 9, 35-36, 48-50, 53, 66, 78. Specifically, Trinity
24 Health's Notice of Removal concedes "Plaintiff is a California resident and citizen." ECF 1:4, Notice
25 of Removal at ¶10; *see also*, Complaint at ¶8.  Additionally, the Complaint defines the proposed
26 plaintiff Class as "All persons to whom Trinity Health Corporation sent a notification letter of a data
27 security incident that occurred on January 20, 2021, an exemplar of which is attached hereto as
28 Exhibit A [ECF 1:51-56]." ECF 1:35, Complaint at ¶53; (Keegan Decl., ¶11, and Exhibit 8).

Additionally, Trinity Health's Notice of Removal concedes,

> Plaintiff's proposed class exceeds 100 members. Plaintiff alleges in the Complaint that California law requires a business to notify any California resident whose unencrypted personal information, as defined, was acquired, or reasonably believed to have been acquired, by an unauthorized person. California law also requires that a sample copy of a breach notice sent to more than 500 California residents must be provided to the California Attorney General. On or about April 6, 2021, TRINITY HEALTH caused a form letter sent on its behalf, addressed to "Re: Patient," signed by Monica Lareau in her capacity as "Privacy Official" of TRINITY HEALTH an exemplar . . . to be submitted to the Attorney General of the State of California and to be mailed to Plaintiff and the Class . . . .

ECF 1:5, Notice of Removal at ¶14.[1]  Additionally, Trinity Health's Notice of Removal concedes that the Complaint alleges "Plaintiff has only alleged California causes of action that could not apply to citizens" outside the State of California.  ECF 1:5, Notice of Removal at ¶10.[2]

**2.  Doe Defendants Are Citizens of California**

The local controversy exception further requires that at least one in-state defendant be one "who is a citizen of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(A)(i)(II)(cc).  A corporation is a citizen of any state in which it is incorporated and any state in which it maintains its principal place of business. 28 U.S.C. § 1332(c)(1). *Krasner v. Ford Motor Co.*, 2019 WL 1428116, at *2 (E.D. Cal. Mar. 29, 2019) (granting plaintiff's motion to remand).  An individual defendant's citizenship is determined by the state in which they are domiciled. *King v. Great Am. Chicken Corp, Inc.*, 903 F.3d at 879.

---

[1] However, the Complaint clearly states that "the exact number of the Class members is unknown to Plaintiff at this time." ECF 1:35, Complaint at ¶54.  Moreover, Trinity Health is in possession of and has the best access to such information.  In fact, Trinity Health is in possession of the names and residential addresses of each Class member, as well as each such persons' "**name, address, email, date of birth, healthcare provider, dates and types of healthcare services, medical record number, immunization type, lab results, medications, payment, payer name and claims information**." ECF 1:32, Complaint at ¶48 (emphasis in the original). Trinity Health's failure to submit summary judgement-type evidence demonstrating the correct number of Class members does not satisfactorily demonstrate CAFA jurisdiction by a preponderance of the evidence that the aggregate claim exceeds $5 million, exclusive of interest and costs, and is alone grounds for an order remanding the case back to state court. *See*, *Solomon v. Mainline Info. Sys., Inc.*, 2012 WL 137568, at *3 (C.D. Cal. Jan. 17, 2012).

[2] Specifically, Trinity Health's Notice of Removal states that "Plaintiff has only alleged California causes of action that could not apply to citizens of Indiana or Michigan." ECF 1:5, Notice of Removal at ¶10.

While Trinity Health's Notice of Removal refers to the Doe Defendants without mentioning their citizenship, (ECF 1:5, Notice of Removal at ¶11),[3] Plaintiff has submitted evidence in support of her instant motion that Doe Defendant 1 Valley Surgical Specialists Medical Group, Inc. is a citizen of California. Specifically, Doe Defendant 1 Valley Surgical Specialists Medical Group, Inc. is a California corporation (CA Corporate No. C0642901), with a Principal Executive Office and a Principal Business Office in California located at 782 Medical Center Dr. East #101, Clovis, CA 93611. (Keegan Decl., ¶8; and Exhibits 1, 6-7).

Additionally, Plaintiff has submitted evidence in support of her instant motion that Doe Defendant 2 Daniel Evan Swartz, MD and Doe Defendant 3 Rame Deme Iberdemaj, MD are citizens of California. (Keegan Decl., ¶9; and Exhibits 2-3; *see also*, ¶12).

Based upon Plaintiff's evidence, the requirement that at least one in-state defendant is a citizen of California, the State in which the action was originally filed, is easily met here.

**3. California Doe Defendants' Alleged Conduct Forms a Significant Basis for the Claims Asserted on Behalf of the Proposed Plaintiff Class and the Location of Plaintiff Class' Injuries Resulting from the Alleged Conduct Were Incurred in California**

The local controversy exception further requires that at least one in-state defendant be one "whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class." 28 U.S.C. § 1332(d)(4)(A)(i)(II)(bb). Whether the "significant basis" condition is met requires a "substantive analysis comparing the local defendant's alleged conduct to the alleged conduct of all the other, non-local defendants." *Benko*, 789 F.3d at 1118 (quoting *Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144, 156 (3d Cir. 2009)). In determining whether in-state defendants' alleged conduct forms a "significant basis" for Plaintiff's claims, this Court may only look to the allegations in the complaint and may not consider extrinsic evidence for purposes of the local-controversy exception. *Coleman*, 631 F.3d at 1015; and *Bloomquist v. Covance, Inc.*, No. 16-CV-2559-BAS (BLM), 2017 WL 1735170, at *3 (S.D. Cal. May 4, 2017).

---

[3] Specifically, Trinity Health's Notice of Removal states that "Citizenship of the remaining Doe Defendants in the action is irrelevant as removal is appropriate under CAFA without regard as to whether any other defendant is a local citizen." ECF 1:5, Notice of Removal at ¶11.

The allegations made against Doe Defendants in the Complaint clearly support a finding that their conduct forms a significant basis of Plaintiff's claims.[4] All of the alleged California Civil Code and Business & Professions Code violations and damages in the Complaint occur in California and all four defendants, including all three in-state California Doe Defendants, are equally alleged to have violated such California statutes, and damages are sought equally from all four defendants. ECF 1, Notice of Removal at ¶¶10, 14; and Complaint at ¶¶1-3, 6, 12-14, 16, 42, 62-63, 65-67, 73, 79-81, 83-91. Plaintiff's Complaint asserts three causes of action equally against all defendants for: (1) the Confidentiality of Medical Information Action, California Civil Code §§ 56, *et seq*. (ECF 1:39-42, Complaint at ¶¶64-73); (2) Beach of California Security Notification Laws, California Civil Code § 1798.82 (ECF 1:42-45, Complaint at ¶¶74-81); and (3) Unlawful and Unfair Business Acts and Practices, California Business & Professions Code §17200, *et seq*. (ECF 1:45-47, Complaint at ¶¶82-91).

Furthermore, the Complaint alleges that Plaintiff and the Class are "patients" within the meaning of Cal. Civil Code § 56.05(k), (ECF 1:39-40, Complaint at ¶¶65-66), and all of the injuries to the Plaintiff and the Class, i.e. all of the alleged California Civil Code and California Business &

---

[4] Specifically, the Complaint alleges that "Each of the Defendants designated herein as a DOE DEFENDANT is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court and/or amend this complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOE DEFENDANTS 1 through 100 when such identities become known. Any reference made to a named Defendant by specific name or otherwise, individually or plural, is also a reference to the actions or inactions of DOE DEFENDANTS 1 through 100, inclusive." ECF 1:19, Complaint at ¶12. "At all times herein mentioned, Defendants, and each of them, were an agent or joint venturer of each of the other Defendants, and in doing the acts alleged herein, were acting with the course and scope of such agency. Each Defendant had actual and/or constructive knowledge of the acts of each of the other Defendants, and ratified, approved, joined in, acquiesced and/or authorized the wrongful acts of each co-defendant, and/or retained the benefits of said wrongful acts." ECF 1:19, Complaint at ¶13. "Defendants, and each of them, aided and abetted, encouraged and rendered substantial assistance to the other Defendants in breaching their obligations to Plaintiff and the Class, as alleged herein. In taking action, as particularized herein, to aid and abet and substantially assist the commissions of these wrongful acts and other wrongdoings complained of, each of the Defendants acted with an awareness of his/her/its primary wrongdoing and realized that his/her/its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing." ECF 1:19, Complaint at ¶14.

Professions Code violations and damages, occurred as a result of their receipt of health care services from defendants, all of who are providers of health care in California (ECF 1:39, Complaint at ¶65). Based on the foregoing, the significant basis requirement is also easily met here.

### 4. The Proposed Plaintiff Class Seek Significant Relief from the California Doe Defendants

The local controversy exception further requires that at least one in-state defendant be one "from whom significant relief is sought by members of the plaintiff class." 28 U.S.C. § 1332(d)(4)(A)(i)(II)(aa). The meaning of the phrase "from whom significant relief is sought" "refers to a defendant from whom relief is *sought*, not a 'defendant from whom significant relief may be obtained." *Coleman*, 730 F.Supp.2d at 1155 (citations omitted) (emphasis in the original). In addition, the determination of what constitutes "significant relief" need not be detailed, and there is no requirement for a plaintiff to assign a percentage of damages to each defendant. *Allen v. Boeing Co.*, 821 F.3d 1111, 1119 (9th Cir. 2016) ("In *Coleman*, the plaintiffs alleged that both the in-state defendant and the out-of-state defendant violated California law and sought damages equally from both of them. [Citations] This was sufficient to satisfy subsection (aa)'s requirement that plaintiffs seek "significant relief" from the in-state defendant.") In *Coleman*, 631 F.3d at 1020, plaintiffs alleged that both the in-state defendant and the out-of-state defendant violated California law and sought damages equally from both. The court found those allegations sufficient to satisfy the "significant relief" requirement. *Id.* at 1020. Likewise, in *Benko v. Quality Loan Serv. Corp.*, 789 F.3d 1111, 1119 (9th Cir. 2015), the Ninth Circuit held that claims for general damages, punitive damages as a result of deceptive trade practices and fraud, and equitable relief were "sufficient to show that the Plaintiffs claim 'significant relief' from a local defendant. In *Allen*, the court followed *Coleman* and *Benko*, finding that where alleged damages "appear[ed] to be the same whether caused by" the in-state or out-of-state defendant, the complaint sufficiently alleged that plaintiffs were seeking significant relief against the in-state defendant. *Allen*, 821 F.3d at 1119; see also *Bloomquist*, 2017 WL 1735170, at *4 ("Although Bloomquist did not quantify the alleged damages, he seeks damages from all defendants equally for their alleged wrongful conduct.")

///

Moreover, Plaintiff is not required to prove that any of three in-state California Doe Defendants are able to pay a judgment in this case. *Coleman*, 631 F.3d at 1015; *Coffey v. Freeport McMoran Copper & Gold*, 581 F.3d 1240, 1243-44 (10th Cir. 2009) (per curiam) and *Bloomquist*, 2017 WL 1735170, at *4. Specifically, *Coleman*, *Coffey* and *Bloomquist* declined to "wade into the factual swamp of assessing financial viability of a defendant as part of this preliminary consideration." *Coleman*, 730 F.Supp.2d at 1155; *Coffey*, 581 F.3d at 1245; and *Bloomquist*, 2017 WL 1735170, at *4.

Here, as in *Coleman*, *Allen*, *Coffey* and *Bloomquist*, the Complaint pleads all class claims against all defendants, and seeks to hold all three in-state California Doe Defendants jointly liable with Trinity Health. ECF 1:19, Complaint at ¶¶13-14, and *see also*, ¶12. Thus, Plaintiff, and just as the plaintiffs in *Coleman*, *Allen*, *Coffey* and *Bloomquist*, is seeking the same measure of damages from all defendants, (*see*, *e.g.*, ECF 1:42 and 45, Complaint at ¶¶73 and 81), and as such, Plaintiff has alleged that she seeks significant relief from all three in-state California Doe Defendants. *See*, *Bloomquist*, 2017 WL 1735170, at *4 ("Bloomquist sufficiently alleges that members of the class have suffered harm as a result of the in-state defendants' violations of the California Labor Code and IWC Wage Order," citing *Coleman*, 631 F.3d at 1015). Therefore, the significant relief requirement is also easily met here.

### 5. No Other Class Action Has Been Filed Asserting the Same or Similar Factual Allegations Against Any of the Defendants

Lastly, as Trinity Health certainly knows and does not allege otherwise in its Notice of Removal, no other class action has been filed asserting the same or similar factual allegations against any of the defendants during the 3-year period preceding the filing of this case, as Plaintiff's evidence shows. (Keegan Decl., ¶10). Accordingly, all of the requirements for local controversy exception are met. As such, remand is proper under the local controversy exception to CAFA. Thus, Plaintiff respectfully requests that her case be remanded to the Superior Court of the State of California for the County of Fresno.

/ / /

/ / /

### C. Because Trinity Health Improperly Removed this Action to Federal Court, Plaintiff Should Be Awarded Her Costs in Moving for Remand Back to State Court

Notwithstanding the fact that the local controversy exception to CAFA applies to this case, Trinity Health nevertheless removed the case. As a result, Trinity Health's removal appears to have been motivated to merely cause delay. (Keegan Decl., ¶¶4-7; and Exhibits 1-5).

Therefore, Plaintiff also respectfully requests that this Court order, pursuant to 28 U.S.C. § 1447(c), that Trinity Health pay Plaintiff's "just costs and actual expenses, including attorneys fees, incurred as a result of the removal." *See Moris v. Bridgestone/Firestone, Inc.*, 985 F.2d 238, 240 (6th Cir. 1993) ("a finding of an improper purpose is not necessary to support an award under" Section 1447(c)); *Gotro v. R & B Realty Group*, 69 F.3d 1485, 1488 (9th Cir. 1995); *Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443, 446 (9th Cir. 1992) (an award under Section 1447(c) does *not* require a showing that the removal was "frivolous" or lacked an "objective reasonable basis").

### IV. CONCLUSION

Based upon the foregoing, this action falls within the local controversy exception of 28 U.S.C. §1332(d)(4)(A) because (1) the Notice of Removal filed by Trinity Health concedes that Plaintiff and 100% of the proposed Class consists of California citizens and Trinity Health offers no summary judgement-type evidence demonstrating otherwise, (2) Doe Defendant 1 Valley Surgical Specialists Medical Group, Inc., Doe Defendant 2 Daniel Evan Swartz, MD; and Doe Defendant 3 Rame Deme Iberdemaj, MD are citizens of California, and Trinity Health offers no summary judgement-type evidence demonstrating otherwise, (3) the Complaint alleges solely causes of action based upon California statutes which the Notice of Removal filed by Trinity Health concedes can only be brought by California citizens, (4) and that all the violations and damages alleged in the Complaint arise in California and all four defendants, including the three in-state California Doe Defendants, are equally alleged to have violated all such California statutes, and damages are sought equally from all four defendants, and (5) during the 3-year period preceding the filing of this case, no other class action has been filed asserting the same or similar factual allegations against any of the defendants and Trinity Health offers no summary judgement-type evidence demonstrating

1  otherwise. Accordingly, Plaintiff respectfully requests that her case be remanded back to the Superior
2  Court of the State of California for the County of Fresno and that she be awarded her costs and actual
3  expenses, including attorneys' fees, incurred as a result of the removal.
4      Alternatively, Plaintiff, to the extent that the Court requires additional evidence to determine
5  if this action falls within the local controversy exception of 28 U.S.C. §1332 (d)(4)(A), respectfully
6  requests an order from this Court allowing Plaintiff to conduct jurisdictional discovery, and leave
7  to amend her Complaint in order to clarify certain jurisdictional.

Dated: July 23, 2021                     KEEGAN & BAKER, LLP

                                                            s/ *Patrick N. Keegan*
                                                            Patrick N. Keegan, Esq.
                                                            Attorney for Plaintiff JANE DOE

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on July 23, 2021, a true and correct copy of the **PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION TO REMAND THE CASE TO STATE COURT** was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's EM/ECF System.

s/ *Patrick N. Keegan*
Patrick N. Keegan, Esq.
pkeegan@keeganbaker.com