**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

JANE DOE

Plaintiff,

v.

TRINITY HEALTH CORPORATION, et al.

Defendants.

Case No.: 1:21-cv-00994-JLT-EPG

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND, DENYING PLAINTIFF'S MOTION FOR JURISDICTIONAL DISCOVERY, DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND, AND DENYING PLAINTIFF'S MOTION FOR ATTORNEY FEES

(Doc. 9)

Jane Doe brings this class action lawsuit alleging injuries stemming from a data breach. (Doc. 1, Ex. 1 at 13–14.) She contends the Court must abstain from exercising jurisdiction under the Class Action Fairness Act (CAFA) and seeks remand to state court. (Doc. 9.) Defendant Trinity Health Corporation opposes remand, arguing that the Court may properly exercise jurisdiction under CAFA. (Doc. 1 at 8.)

The Court finds the matter is suitable for decision without oral argument, and no hearing will be held pursuant to Local Rule 230(g). For the reasons set forth below, Plaintiff's Motion to Remand is **GRANTED**, Plaintiff's motion for leave to conduct jurisdictional discovery is **DENIED** as moot, Plaintiff's motion for leave to amend the Complaint is **DENIED** as moot, and Plaintiff's Motion for Attorney's Fees is **DENIED.**

///

## I. Background and Procedural History

This dispute involves a putative class action filed May 20, 2021, by Jane Doe in the Superior Court of California, County of Fresno (Case No. 21CECG01454) against Trinity Health Corporation and a number of unnamed defendants. (Doc. 1, Ex. 1.) Plaintiff's allegations centered on a data breach Defendants' third-party vendor suffered in May 2020 that permitted unauthorized access to Plaintiffs' medical and personal identifying information. (Doc. 1, Ex. 1 at 13–14.) Based on this incident, Plaintiff alleged a violation of the Confidentiality of Medical Information Act (Cal. Civil Code §§ 56 *et seq.*), a breach of California Security Notification Laws (Cal. Civil Code § 1798.82), and unlawful and unfair business acts and practices (Cal. Bus. & Prof. Code §§ 17200 *et seq.*). (Doc. 1, Ex. 1 at 39–47.)

Trinity Health removed the action to this Court on June 23, 2021, asserting jurisdiction under CAFA. (Doc. 1.) On the same day, Plaintiff filed three "Amendments to Complaint" in state court, identifying the names of three Doe Defendants: Daniel Evan Swartz, MD; Valley Surgical Specialists Medical Group, Inc.; and Rame Deme Iberdemaj, MD. (Docs. 9-4 at 2; 9-5 at 2; 9-6 at 2.)

Plaintiff filed a motion to remand the case to state court on July 23, 2021. (Doc. 9.) Trinity Health filed an opposition on August 6, 2021 (Doc. 12), and Plaintiff filed a reply on August 13, 2021.[1] (Doc. 13.)

## II. Original Jurisdiction Under CAFA

A suit filed in state court may be removed to federal court if the court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a). "To remove a case from state court to federal court, a defendant must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83 (2014) (quoting 28 U.S.C. § 1446(a)). But, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). A party seeking to remove an action to federal court under CAFA bears the burden of establishing a prima facie showing of federal jurisdiction. *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007)

[1] As the parties were informed on October 28, 2021, the Eastern District of California is in an ongoing state of judicial emergency. (Doc. 14.) The action, including the Motion now pending before the Court, was assigned to the undersigned on January 7, 2022. (Doc. 17.)

(citing *Abrego Abrego v. Dow Chem. Corp.*, 443 F.3d 676, 683–85 (9th Cir. 2006)). CAFA imposes no presumption against removal. *Dart*, 574 U.S. at 89.

Under CAFA, federal courts maintain jurisdiction over certain class actions when the class has more than 100 members, the parties are minimally diverse (meaning at least one defendant is a citizen of a different state than one plaintiff), and the amount in controversy exceeds $5 million. *Id.* at 84–85 (citing 28 U.S.C. § 1332(d)(2), (5)(B); *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013)). Even when a dispute meets these jurisdictional requirements, courts must abstain from exercising jurisdiction over class action suits when any enumerated exception to CAFA applies. The Court will consider first whether CAFA confers jurisdiction over the matter, and, if so, whether an exception applies.

**A. CAFA Jurisdiction**

CAFA sets forth three prerequisites for establishing jurisdiction. First, all proposed classes must number at least 100 members in the aggregate. *See* 28 U.S.C. § 1332(d)(5)(B). Second, the parties must be minimally diverse, meaning that at least one plaintiff is from a different state than at least one defendant. *See* 28 U.S.C. § 1332(d)(2)(A). Third, CAFA jurisdiction arises only when the amount in controversy exceeds $5 million, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2). A removing party bears the burden of establishing CAFA jurisdiction. *Serrano*, 478 F.3d at 1024.

The parties seem to agree that the suit meets the first two prerequisites. In its Notice of Removal, Trinity Health cites to the Complaint to establish that the proposed class exceeds 100 members (Doc. 1 at 5, citing Doc. 1, Ex. 1 at 34 (stating that the data breach "affect[ed] '586,869 persons'")). Plaintiff does not contest this assertion in her pleadings, and states outright that evidence indicates that the class numbers 500 members. (Doc. 13 at 6; *see generally* Doc. 9-1.) As to minimal diversity, while Plaintiff initially states in her complaint that Trinity Health is a citizen of California (Doc. 1, Ex. 1 at 16), she does not contest in her Motion to Remand Trinity Health's assertion that it is diverse from the named Plaintiff, a California resident. (Doc. 1 at 4–5 (indicating that Trinity Health is incorporated in Indiana and has its principal place of business in Michigan); *see generally* Doc. 9-1.)

The parties disagree as to whether the amount in controversy exceeds $5 million. In the Notice of Removal, Trinity Health states that the amount in controversy across all class members exceeds $5

million based on Plaintiff's request for actual damages, restitution, attorney's fees, injunctive relief, and statutory damages. (Doc. 1 at 6–9.) In her Motion to Remand, Plaintiff notes that the Complaint states that "the exact number of the Class members is unknown," and states that "Trinity Health's failure to submit summary judgment-type evidence demonstrating the correct number of Class members does not satisfactorily demonstrate . . . that the aggregate claim exceeds $5 million." (Doc. 9-1 at 12 n.1.)

In the Ninth Circuit, when a complaint does not state a specific damages figure (which Plaintiff's Complaint does not), a removing party must show by a preponderance of the evidence that the amount in controversy exceeds CAFA's jurisdictional minimum. *See Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981–82 (9th Cir. 2013). At the time of removal, the notice of removal "need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co.*, 574 U.S. at 84. Instead, the notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Id.* at 89. Such an allegation "should be accepted when not contested by the plaintiff or questioned by the court." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019).

However, "[e]vidence establishing the amount is required by [28 U.S.C.] § 1446(c)(2)(B) . . . when the plaintiff contests, or the court questions, the defendant's allegation. *Dart*, 574 U.S. at 89. The removing party may satisfy its evidentiary burden by submitting "affidavits or declarations, or other 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal,'" *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (quoting *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). The party may buttress this evidence by relying on a chain of reasoning that includes reasonable assumptions, including those based on the allegations in the complaint. *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015); *Arias*, 936 F.3d at 925; *Bell v. NuSil Tech. LLC*, 2021 WL 1208013, at *3 (E.D. Cal. Mar. 31, 2021). In these circumstances, the removing party must show the amount in controversy by a preponderance of the evidence. *Jauregi v. Roadrunner Transp. Servs., Inc.*, __ F.4th ___, 2022 WL 804148, at *4 (9th Cir. Mar. 17, 2022).

Trinity Health has fallen short of its burden in establishing that the amount in controversy exceeds CAFA's jurisdictional minimum. Plaintiff contested removal in its Motion to Remand,

arguing in part that the amount in controversy does not exceed the jurisdictional minimum. (*See* Doc. 9-1 at 12 n.1 (Defendant's submissions "do[] not satisfactorily demonstrate CAFA jurisdiction by a preponderance of the evidence that the aggregate claim exceeds $5 million . . . .").) In this circumstance, the Supreme Court has instructed that "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart*, 574 U.S. at 88. Trinity Health has failed to submit proof of any kind that the amount in controversy exceeds $5 million.

In its opposition, Trinity Health simply surmises that "potential statutory damages alone may aggregate to exceed $5 million" because the California Confidentiality of Medical Information Act permits awards of nominal damages of one thousand dollars per individual harmed, which would mean "[t]he class need only include 5,000 persons to meet this threshold . . ." (Doc. 12 at 10.) Trinity Health cites to the class definition in the complaint as "[a]ll persons to whom Trinity Health Corporation sent a notification letter of a data security incident that occurred on January 20, 2021," notes that the data breach may have affected 586,869 persons, and states that federal law requires "covered entities [to] provide notification to affected consumers upon a breach of unsecured protected health information." (Doc. 1, Ex. 1 at 35, 34.) While "[a]n assumption may be reasonable if it is founded on the allegations of the complaint," *Arias*, 936 F.3d at 925 (citing *Ibarra*, 775 F.3d at 1198–99), Trinity Health leaves unstated and unsupported assumptions necessary to demonstrate that the amount in controversy exceeds $5 million. For example, the complaint states only California causes of actions cognizable by California citizens (*see generally* Doc. 1, Ex. 1 at 39–47), and Trinity Health presents no evidence to show that 5,000 or more members of the affected population reside in California. Though Trinity Health summarily notes that the amount in controversy calculation also includes the potential actual damages, attorney's fees, and costs that Plaintiff seeks, it provides no evidence as to the amount in controversy attributable to each. (Doc. 12 at 10.) Trinity Health has failed entirely to submit affidavits, declarations, or other "summary-judgment type evidence relevant to the amount in controversy at the time of removal." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (quotation and citation omitted). The Court therefore holds that it has failed to establish that CAFA confers jurisdiction over this suit.

**B. Whether an Exception to CAFA Jurisdiction Applies**

Because the Court concludes that CAFA jurisdiction does not exist in this case, it does not reach the question of whether an exception to CAFA jurisdiction applies.

**III. Request for Jurisdictional Discovery and Leave to Amend**

In her Motion to Remand, Plaintiff states that, if the Motion to Remand is denied, she should be granted "an order from this Court to conduct jurisdictional discovery, and leave to amend her complaint to clarify certain jurisdictional facts." (Doc. 9-1 at 9.) The Court denies each request as moot.

**IV. Request for Fees and Costs**

In a case removed from state court, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Plaintiff moved this Court for an award of "just costs and actual expenses, including attorney's fees, incurred as a result of the removal" on the basis that "Trinity Health's removal appears to have been motivated to merely cause delay." (Doc. 9-1 at 17.)

The Supreme Court has stated that fees should not be awarded when there is "an objectively reasonably basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). Further, "if the law in the Ninth Circuit is not so clear as to make the removing party's endeavor entirely frivolous, a court will deny the request for attorney's fees." *SWC Inc. v. Elite Promo Inc.*, 234 F. Supp. 3d 1018, 1026 (N.D. Cal. 2017) (citation omitted). Plaintiff has not established that Trinity Health's basis for removal was motivated to cause delay, or was entirely frivolous. While it is true that Trinity Health's failure to present significant evidence as to the amount of controversy is inadequate to establish jurisdiction, Trinity Health has not presented arguments that are outright frivolous or foreclosed by existing precedent. *See, e.g.*, *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1067 (9th Cir. 2008) (affirming denial of attorney's fees when removing party's arguments were not "clearly foreclosed" at the time they were presented). The Court therefore declines to award attorney's fees and costs.

///

///

///

## V. Conclusion and Order

For the reasons set forth above, the Court **ORDERS**:

1. Plaintiff's motion to remand the case to Superior Court of California, County of Fresno is **GRANTED**;
2. Plaintiff's motion for leave to conduct jurisdictional discovery is **DENIED AS MOOT**;
3. Plaintiff's motion for leave to amend the Complaint is **DENIED AS MOOT**; and
4. Plaintiff's motion for attorney's fees and costs is **DENIED**;
5. The Clerk of Court is directed to close this action.

IT IS SO ORDERED.

Dated: **March 25, 2022**

UNITED STATES DISTRICT JUDGE